## Weekly Abstract of PENDING CASES

### No. 168

HERBERICH REALTY CO. v. ROGERS, Rec. et.

No. 19560.   Supreme Court

On motion' to certify.  Dock. Jan. 12, 1926; 4 Abs. 56.

313.   CORPORATIONS—1.  Where a corporation, organized and existing under Delaware laws which expressly exclude from the powers of the corporation the power to discount notes, does discount notes secured by mortgages can it thereafter recover and foreclose upon those notes and mortgages by virtue of its ultra vires contract of discount?

2.   Where an Ohio corporation having an authorized capital stock of $50,000 borrows over $900,000 and becomes unable to meet its obligations, what are the rights of a creditor, not a party to the excessive borrowing, and asserting claims against the property covered by the $900,000 mortgage?

George W. Rogers, Receiver of the Portage Construction and Finance Company and others, as lien holders on certain real estate belonging to the Herberich Realty Company brought this action originally against the Realty Co. to foreclose their liens in Summit Common Pleas. Judgment for foreclosure awarded in the Common Pleas was affirmed by the Court of Appeals.

It appears that the Portage Construction and Finance Co. purchased the land upon which the Realty Co. is seeking to establish the prior lien in this case from Charles Herberich, Trustee for The Herberich Realty Co., and gave to the Realty Co. its purchase money mortgage for $54,900 to secure the balance of the unpaid purchase price.  The Finance Co. then proceeded to borrow from the Cleveland Discount Co. on 3 mortgages on parcels 1, 2 and 3 in the amounts of $335,000, $200,000 and $335,000 respectively, The Discount Co. retaining the sums of $50,250, $30,000 and $50,250 out of the loans in advance, said sums being entered under the heading of "discount" on its books in the regular course of business when it took a mortgage.  The same procedure was followed where an additional $80,000 was advanced on parcel 1, except that, 25% or $20,000 was retained in advance as discount, so that the Cleveland Discount Co. withheld a total "discount" of $150,500 on total loans of $950,000.

On motion to certify in the Supreme Court the Realty Co. contends:

1.   The Delaware statute prohibiting a corporation from discounting notes does not prohibit the buying of notes at less than face, but merely prohibited loaning money and deducting from the loan the interest in advance.

2.   The Cleveland Discount Co. cannot recover on the notes so attempted to be discounted ultra vires.

3.   That since the amount borrowed was so much larger than the borrowing limit prescribed by statute, the corporation exceeded the limit upon its power in that behalf and hence that its attempted engagements thus in excess were void.

Attorneys—Herberich, Burroughs & Bailey, Akron, for Realty Co.; Wilkin, Cross & Daoust Cleveland, and Burch, Bacon & Denlinger, Akron, for Rogers et.

### No. 169

DONNOVAN et v. STATE

Nos. 19507-08.   Supreme Court

On motion to require Hancock Common Pleas to certify.  Dock. Dec. 23, 1925; 4 Abs. 24.

291.   CONSTITUTIONAL LAW—Constitutionality of Crabbe Act discussed.

Grace Donnovan and R. P. Murphy alias, by their counsel, bring these cases into the Supreme Court on motion to certify in order that it may serve upon its merits, in the event the motion to certify is sustained.

Both cases, it is contended, involve convictions of offenses under 6212-15 GC. of the Crabbe Act., and that this section violates the mandate of the Constitution of Ohio in that it deliberately denies to the accused his constitutional right to trial by jury.

Section 10 of Art. 1 reads "except in cases of impeachment, cases arising in the army or navy - - - - and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital crime unless on presentation or indictment by grand jury.  In any trial, in any court, accused shall be allowed - - - speedy public trial by impartial jury - - - -."

It is contended that a fine authorized under 6212-17 GC., provides imprisonment for its violation; but under the constitution it is not necessary that imprisonment be a part of the punishment in order that the accused be entitled to a trial by jury.  This section, it is claimed, violates the letter and spirit of the bill of rights.

Sec. 13, Art. 8, Constitution of 1802 provides "excessive bail shall not be required, excessive fines shall not be imposed, or cruel or unusual punishments inflicted."  The parties in this case it is alleged were fined $1600, a $3000 motor car was taken from them along with liquor that cost them more than $2000.  This it is urged, are "excessive fines and unusual punishments."

It is further claimed that the Court of Common Pleas is not vested by 6212-18 GC. with jurisdiction to try any offense created by the so-called second Crabbe Act, (It being set forth that the first act was defeated by referendum.)

Sec. 4, Art. 4 reads:—"The jurisdiction of the Courts of Common Pleas and of Judges thereof shall be fixed by law."  It is therefore claimed that the Common Pleas had no constitutional jurisdiction; and its jurisdiction is such only, as expressly conferred by the General Assembly.  It is further contended that the Court has no jurisdiction and can exercise none, except as expressly conferred by legislative function.

Attorneys—Geo. H. Phelps for Donnovan et; John E. Priddy for State; both of Findlay.